

# NUMBERS 13-19-00134-CR AND 13-19-00135-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JUSTIN JONES,                                                        APPELLANT,

v.

THE STATE OF TEXAS,                                                  APPELLEE.

### On Appeal from the 214th District Court
### of Nueces County, Texas.

# ORDER OF ABATEMENT

**Before Chief Justice Contreras and Justices Benavides and Longoria**
**Order Per Curiam**

Appellant, Justin Jones, filed a notice of appeal with this Court from his conviction in trial court cause numbers 18FC-4767F and 18FC-2391F. The trial court's certifications of the defendant's right to appeal show that the defendant does not have the right to appeal. *See* TEX. R. APP. P. 25.2(a)(2).

This cause is before the Court on appellant's agreed motion to abate the appeal for factual determination. According to the motion, there is no plea agreement in the file and the transcript of both the plea colloquy and the sentencing hearing specifically state that there was no plea agreement and that this case involved an open plea. Both certifications of the right to appeal state that appellant does not have the right to appeal because this was a plea bargain case, which is contrary to the record.

Since the appellate record has been filed, we are obligated to review the record to determine whether the trial court's certification of appellant's right of appeal is defective and, if so, to obtain another certification from the trial court. *Dears v. State*, 154 S.W.3d 610, 614-15 (Tex. Crim. App. 2005); *see* TEX. R. APP. P. 34.5(c); 37.1. A defective certification includes a certification that is correct in form, but, when compared with the record before the court, proves to be inaccurate. *Dears*, 154 S.W.3d at 614.

Because of the ambiguity of the record and certification, we GRANT appellant's agreed motion and ABATE and REMAND this case to the trial court for a factual determination as to whether appellant has the right to appeal and for re-certification of appellant's right of appeal. *See* TEX. R. APP. P. 34.5(c), 44.3, 44.4; *Dears*, 154 S.W.3d at 614.

On remand, the trial court shall immediately issue notice of a hearing and accordingly conduct a hearing addressing the foregoing matter. We further direct that, after conducting the hearing, the trial court re-certify whether appellant has the right of appeal. The trial court's amended certification, and any orders it enters shall be included in a supplemental clerk's record. The trial court is directed to cause the supplemental

2

clerk's record to be filed with the Clerk of this Court within thirty days of the date of this order.   Should the trial court require more time to comply with the directions of this Court, it shall request an extension prior to the expiration of this deadline.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed this the
19th day of August, 2019.